# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **CHARLES DAVID** | ) | |
| **FIACCATO, JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **4:20-cv-00925-CLM** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| **Defendant.** | ) | |

## **MEMORANDUM OPINION**

The magistrate judge previously assigned this case has recommended that the court affirm the Social Security Administration's ("SSA") decision to deny Plaintiff Charles David Fiaccato, Jr.'s application for supplemental security income ("SSI") Doc. 17. Fiaccato has filed three objections to the magistrate judge's report and recommendation. Doc. 18.

At the outset, the court notes that Fiaccato's objections mainly parrot the arguments he made in his merits brief. *Compare* Doc. 14 at 9–21 *with* Doc. 18 at 10–21. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). So this court need not consider "frivolous, conclusive, or general objections." *See id.* The court finds that Fiaccato's cut-and-pasted arguments

are conclusory, general objections. So the court needn't consider them. But to be safe, the court will also explain alternative grounds for overruling Fiaccato's objections on the merits.

**Objection 1: Residual Functional Capacity Assessment**

Fiaccato first objects to the magistrate judge's recommendation that the court affirm the ALJ's finding that Fiaccato has the residual functional capacity to perform a range of light work. After reviewing Fiaccato's briefs, the magistrate judge's report, the ALJ's hearing decision, and the record evidence, the court finds that substantial evidence supports the ALJ's residual functional capacity assessment. And though Fiaccato argues otherwise, the ALJ's residual functional capacity assessment isn't conclusory or in violation of SSR 96-8p. So the court **OVERRULES** Fiaccato's objections to the magistrate judge's finding that substantial evidence supports the ALJ's residual functional capacity formulation.

Fiaccato also argues—for the first time in his objections to the report and recommendation—that the ALJ should have recontacted Dr. Alvin Tenchavez and asked him to give his opinion on the extent of Fiaccato's limitations. This court may decline to consider an argument not made to the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009). So the court will exercise its discretion and decline to consider Fiaccato's untimely argument that the ALJ needed to recontact Dr. Tenchavez.

Even if this court were to consider the argument that the ALJ needed to recontact Dr. Tenchavez, it would fail on the merits. In support of this argument, Fiaccato cites *Johnson v. Barnhart*, 138 F. App'x 266, 270–71 (11th Cir. 2005), which states that "[i]f after weighing the evidence, the Commissioner cannot reach a determination, then she will seek additional information or recontact the physicians." *Id.* at 270. "But saying that the ALJ can sometimes reach out to a physician if necessary is not the same thing as saying that the ALJ must always reach out to a physician." *Jones v. Soc. Sec. Admin. Comm'r*, 857 F. App'x 587, 591 (11th Cir. 2021). And because the ALJ ***could make*** a disability determination here, there was no need for him to recontact Dr. Tenchavez. *See id.* Nor has Fiaccato shown that Dr. Tenchavez's failure to give an opinion on Fiaccato's functional limitations created an "evidentiary gap[ ] which result[ed] in unfairness or 'clear prejuidice.'" *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). So the court **OVERRULES** Fiaccato's objection that the ALJ needed more information from Dr. Tenchavez to make an informed decision.

**Objection 2: Application of the Pain Standard**

Fiaccato next objects to the magistrate judge's recommendation that the court find that the ALJ correctly applied the Eleventh Circuit's pain standard. The court agrees with the magistrate judge that the ALJ applied the correct legal standard when he found "that [Fiaccato's] medically determinable impairment could reasonably be

expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with" the record evidence. R. 22. And as recounted in the report and recommendation, *see* doc. 17 at 9–11, substantial evidence supports the ALJ's determination that Fiaccato's symptoms weren't as severe as he alleged. So the court **OVERRULES** Fiaccato's objection to the magistrate judge's recommendation that the court find that the ALJ properly applied the pain standard.

**Objection 3: Hypothetical to Vocational Expert**

Fiaccato finally objects to the magistrate judge's recommendation that the court find that substantial evidence supports the ALJ's denial of benefits. In support of this objection, Fiaccato argues: (1) that the ALJ misinterpreted Dr. Tenchavez's consultative examination report; (2) that the ALJ improperly applied the pain standard; and (3) that the ALJ relied on an inaccurate hypothetical to the vocational expert to deny benefits. As explained above, the ALJ appropriately evaluated the evidence from Dr. Tenchavez and substantial evidence supports the ALJ's finding that Fiaccato's symptoms weren't as severe as he alleged.

As for Fiaccato's objection to the magistrate judge's handling of the ALJ's hypothetical to the vocational expert, the court agrees with the magistrate judge that Fiaccato hasn't shown that he has greater limitations than those in the ALJ's hypothetical question. So the court **OVERRULES** Fiaccato's objection to the

magistrate judge's recommendation that the court find that substantial evidence supports the ALJ's reliance on the vocational expert's testimony to deny benefits. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in his hypothetical that the ALJ had properly rejected as unsupported.").

\* \* \*

In summary, having considered the entire case file, including the magistrate judge's report and recommendation, the court **OVERRULES** Fiaccato's objections, **ADOPTS** the report of the magistrate judge, and **ACCEPTS** his recommendation. So the court will **AFFIRM** the Commissioner's decision to deny benefits. By separate order, the court will close this case.

**DONE** on February 1, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE